Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| RAÚL SERRANO GONZÁLEZ Y OTROS <br><br> Peticionario <br><br> v. <br><br> HOSPITAL DR. SUSONI, INC., (H/N/C HOSPITAL METROPOLITANO DR. SUSONI) Y OTROS <br><br> Recurrida | KLCE202300968 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Arecibo <br><br> Sobre: Impericia Médica <br><br> Caso Número: AR2021CV01686 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

El peticionario, señor Raúl Serrano González, comparece ante nos para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Arecibo, el 2 de agosto de 2023. Mediante la misma, el foro primario ordenó la eliminación de la prueba pericial anunciada por el peticionario, ello dentro de una acción civil sobre daños y perjuicios por impericia médica promovida en contra de los aquí recurridos, el Hospital Dr. Susoni Inc. y el doctor Carlos I. Carrión Lorenzo.

Por los fundamentos que expondremos a continuación, se expide el auto solicitado y se revoca la resolución recurrida.

**I**

Luego de un previo desistimiento sin perjuicio según decretado mediante *Sentencia* del 22 de noviembre de 2020, en el Caso Civil Núm. AR2019CV01813, el 22 de noviembre de 2021, el peticionario presentó la demanda de epígrafe. En virtud de la

Número Identificador

SEN2023 _____

misma, solicitó una compensación económica por razón de los daños físicos y emocionales derivados de una alegada impericia médica atribuible a los aquí recurridos.

En respuesta, el 7 de marzo de 2022, el hospital recurrido solicitó la extensión de una prórroga para presentar su alegación responsiva. A su vez, en igual fecha presentó dos mociones adicionales, a saber: *Moción Solicitando Pago de Costas y Honorarios* y *Moción Solicitando Orden para que Demandante Anuncie Prueba Pericial.* En el primero de los pliegos, el Hospital requirió que se ordenara al peticionario reembolsar la cantidad de $5,060.86, ello por concepto de los gastos y los honorarios de abogado invertidos en el primer pleito que fue desistido. Mientras que, en la moción sobre orden para anunciar prueba pericial, la institución recurrida, específicamente expuso que, durante la tramitación del pleito anterior, el tribunal concernido expidió múltiples órdenes a los fines de que el peticionario anunciara su perito y produjera el correspondiente informe pericial. Según sostuvo, el 13 de noviembre de 2020, día en el que vencía la orden judicial pertinente a tales efectos, el peticionario optó por desistir de su causa, bajo el argumento de que, pese a sus múltiples gestiones, no había podido contratar un perito.  El Hospital indicó que, habiendo transcurrido más de un año desde el desistimiento en controversia, y toda vez la nueva presentación del pleito, podía presumirse que el peticionario ya contaba con un perito y, en consecuencia, que estaba listo para producir el correspondiente informe. En apoyo a su argumento, el Hospital expresó que, habiendo estado activo, por más de un año, el pleito original, las partes no solo incurrieron en gastos, sino que, también, tuvieron la oportunidad de reunirse, revisar expedientes médicos, intercambiar interrogatorios, comparecer a vistas en el tribunal, presentar mociones, entre otros trámites.  De este modo, solicitó que, en consideración a ello, ordenara al peticionario a

notificarle un informe médico pericial respecto a las alegaciones promovidas en la demanda de epígrafe, ello dentro de un término perentorio de treinta (30) días.

El mismo 7 de marzo de 2022, con notificación del siguiente día, el Tribunal de Primera Instancia emitió una *Orden* por la cual requirió al peticionario anunciar su prueba pericial y remitir a los recurridos el *curriculum vitae* del perito seleccionado, todo dentro del término de treinta (30) días solicitado. A su vez, le impuso la obligación de someter el correspondiente informe pericial, ello en un plazo de treinta (30) días adicionales.

Así las cosas, el 18 de abril de 2022, el Hospital recurrido presentó una *Segunda Moción Solicitando Orden para que Demandante Anuncie Prueba Pericial.* En el pliego, aludió a su previo petitorio, así como a la antedicha orden judicial. Al respecto, sostuvo que, a la fecha de su comparecencia, el peticionario no había cumplido con lo requerido por el tribunal. A su vez, nuevamente hizo mención del primer pleito promovido por el peticionario en cuanto a los hechos de autos, ello a los fines de establecer que, la razón por la cual desistió del mismo fue por no contar con prueba pericial. El Hospital afirmó que ya habían transcurrido dos años y siete meses desde la presentación de la reclamación original, sin que se hubiese presentado la evidencia exigida para prosperar en reclamaciones sobre impericia médica. De este modo, y toda vez el incumplimiento de los términos de la orden judicial de referencia, solicitó al Tribunal de Primera Instancia que ordenara al peticionario notificarle el nombre y el *curriculum vitae* de su perito, todo dentro de un término perentorio de diez (10) días. Igualmente, peticionó que se le requiriera presentar el informe pericial en controversia, ello en un plazo fatal de veinte (20) días.

Por su parte, el 4 de abril de 2022, el recurrido Carrión Lorenzo compareció ante el tribunal primario y, mediante moción a

los efectos, solicitó una prórroga para contestar la demanda de autos.

Días después, el 20 de abril de 2022, el Tribunal de Primera Instancia se pronunció y extendió al peticionario un término perentorio de diez (10) días, y otro de veinte (20), para, respectivamente notificar a los recurridos el nombre y el *curriculum vitae* de su perito, así como el informe pericial pertinente.

En respuesta a la referida *Orden,* el 5 de mayo de 2022, el peticionario presentó un escrito intitulado *Solicitando Litigar en Forma Pauperis; Reconsideración en Cuanto a Término Perentorio para Anunciar Perito y en Cuanto a Imposición de Costas.* En específico, argumentó que el previo desistimiento de su causa de acción obedeció a la falta de recursos económicos para tramitar los pormenores del pleito, particularmente a la contratación de un perito ortopeda que pudiera suscribir el informe pericial correspondiente a favor de su reclamo. El peticionario igualmente indicó que, al presente, no solo enfrentaba dificultades económicas para sufragar los honorarios aplicables a la contratación de un perito, sino, también, la inhabilidad de encontrar a un experto dispuesto a testificar en contra de los recurridos. Sobre dicho particular, expresó que sus múltiples gestiones a esos efectos resultaban infructuosas y que, incluso, en algunas de las oficinas a la que acudió, se le advirtió que no habría de conseguir ningún perito. Así, y tras indicar que, por razones económicas, tampoco pudo contratar a un perito a través de la intervención de una agencia fuera de Puerto Rico, el peticionario solicitó al tribunal que dejara sin efecto la imposición de la orden extendiéndole un término perentorio para la notificación de su perito y la producción del correspondiente informe.

El 17 de mayo de 2022, el Hospital recurrido replicó a la solicitud del peticionario. En apoyo a sus argumentos, volvió a

reafirmarse en que, tras la presentación de la demanda original, el peticionario, por espacio de diez meses, "falló, una y otra vez, en presentar el informe pericial que le [fue] requerido, a pesar de las prórrogas concedidas", hasta finalmente desistir de su causa de acción.[1] El Hospital recurrido sostuvo que, a casi tres (3) años de la presentación de la demanda original, la negativa del peticionario en cuanto a producir el informe, evidenciaba su pretensión de "secuestrar el descubrimiento de prueba"[2]. Así, la institución solicitó al Tribunal de Primera Instancia que denegara la reconsideración promovida por el peticionario y, en consecuencia, le ordenara cumplir con la notificación de su perito y la producción del informe pericial aplicable, ello en los términos perentorios provistos.

El 24 de agosto de 2022, el Tribunal de Primera Instancia notificó una *Orden* mediante la cual declaró *Ha Lugar* la solicitud del peticionario, solo en cuanto a los términos perentorios impuestos. En consecuencia, dejó sin efecto lo resuelto sobre dicho particular y le extendió un plazo de cuarenta y cinco (45) días para informar el status de las gestiones tendentes a la contratación de su perito médico.

Meses después, el 12 de octubre de 2022, el Hospital recurrido presentó una *Tercera Moción Solicitando Orden para que Demandante Anuncie Prueba Pericial o en la Alternativa que se Desestime la Demanda.* En esta ocasión, una vez más aludió al tiempo transcurrido desde la presentación de la demanda original, sin que el peticionario hubiese provisto información sobre su perito. Así, y tras afirmar que este había incumplido con la *Orden* del 24 de agosto de 2022, el Hospital solicitó al tribunal que ordenara al peticionario a notificar el nombre y *curriculum vitae* del perito a

---

[1] Véase: Apéndice, Anejo VIII, *Réplica a Moción "Solicitando Litigar en Forma Pauperis, Reconsideración en cuanto a Término Perentorio para Anunciar Perito y en cuanto a Imposición de Costas",* pág. 36.
[2] *Íd.*, pág. 39.

utilizarse en el pleito, ello en un plazo perentorio de diez (10) días, así como a remitir el informe pericial en un término, también perentorio, de veinte (20) días, so pena de la desestimación con perjuicio del pleito. En atención a lo anterior, el tribunal de origen requirió al peticionario exponer su posición en cuanto a la súplica de la institución recurrida.

El 7 de noviembre de 2022, el Hospital recurrido presentó una *Moción Solicitando Desestimación por Incumplimiento con las Órdenes del Tribunal y por Falta de Prueba Pericial.* En esta ocasión, denunció el incumplimiento del peticionario, en cuanto a expresarse en torno a los méritos de su previo pliego. De este modo, y reafirmándose en que los incumplimientos reiterados del peticionario, respecto a las órdenes judiciales emitidas en cuanto a su persona, evidenciaban que este no contaba con la prueba necesaria para prevalecer en el caso, el Hospital solicitó que se desestimara la demanda de epígrafe a tenor con lo dispuesto en la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2.

Así las cosas, el 8 de noviembre de 2022, el peticionario compareció mediante escrito sobre *Prórroga para Oponernos a Desestimación.* Específicamente, indicó que su representante legal confrontó ciertos inconvenientes en la gestión de contestar todos los documentos pendientes en el caso. A tenor con ello, solicitó que se le concediera un plazo de treinta (30) días para actuar de conformidad. En respuesta, el 10 de noviembre de 2022, con notificación del 21 de dicho mes y año, el Tribunal de Primera Instancia extendió un término final de diez (10) días para oponerse a la desestimación solicitada y para cumplir con todo asunto pendiente en el caso.

El 7 de diciembre de 2022, el peticionario presentó su *Oposición a Desestimación por Prescripción y Solicitando Remedio.* Poco después, el 20 de diciembre de 2022, presentó un escrito

intitulado *Notificando Perito y Solicitando Término para Someter Curriculum Vitae y Rendir Informe.* En lo pertinente, anunció al doctor Luis H. Padró Rosado como el perito a cargo de rendir el informe pericial propio a sus alegaciones sobre impericia médica. Así, y tras reiterar que su condición económica imposibilitó el que pudiera contratar de manera oportuna, la prueba pericial, solicitó que se le proveyera un término cierto para presentar el *curriculum vitae* del galeno y el informe en controversia.

El 21 de febrero de 2023, el Hospital recurrido presentó una *Cuarta Moción Solicitando Orden para que Demandante Anuncie Prueba Pericial o en la Alternativa que se Desestime la Demanda.* En esta ocasión, indicó haber provisto al peticionario los expedientes médicos correspondientes, más sostuvo que, a la fecha de la comparecencia, este no había sometido el *curriculum vitae* de su perito ni el informe pericial. Así pues, solicitó que se ordenara proveer la referida prueba, ello dentro de los términos perentorios de diez (10) y veinte (20) días, respectivamente, so pena de desestimación.

En igual fecha, el Hospital recurrido también presentó una *Moción de Orden para Compeler Descubrimiento de Prueba.* En el pliego, sostuvo que, el 5 de marzo de 2022, cursó al peticionario un pliego de interrogatorio y un requerimiento de producción de documentos. Al respecto, expresó que vencido el término procesal dispuesto en la Regla 30.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 30.1, para someter las contestaciones correspondientes, el peticionario no presentó sus respuestas. Así pues, el Hospital solicitó que se ordenara al peticionario a actuar de conformidad, ello en un plazo perentorio de diez (10) días y que le impusiera las sanciones aplicables a su incumplimiento. Mediante *Orden* del 22 de febrero de 2023, el Tribunal de Primera Instancia proveyó tal cual

solicitado y apercibió al peticionario que, de no observar su mandato, quedaría sujeto a una sanción de $300.00.

De otra parte, mediante *Orden* notificada el 14 de marzo de 2023, el foro primario requirió al peticionario presentar el *curriculum vitae* de su perito dentro de diez (10) días fatales y, el informe pericial, dentro de cuarenta y cinco (45). En igual fecha, el Hospital recurrido compareció ante el tribunal y, mediante moción a los efectos, notificó que el peticionario no había contestado el interrogatorio, todo en incumplimiento de lo ordenado. Como resultado, mediante *Orden* del 28 de marzo de 2023, el Tribunal de Primera Instancia impuso al peticionario la sanción de $300.00 de la cual fue debidamente apercibido. A su vez, le ordenó cumplir con el previo mandato de 22 de febrero de 2023, so pena de que su causa fuera desestimada.

El 14 de abril de 2023, el Hospital sometió a la consideración del Tribunal de Primera Instancia una *Moción Informativa sobre Incumplimiento de la Parte Demandante con las Órdenes del Tribunal.* En particular, expuso que, en clara inobservancia de lo mandatado por el tribunal, el peticionario no había cumplido con las *Órdenes* del 22 de febrero de 2023 y del 28 de marzo de 2023. Igualmente, indicó que este tampoco había consignado la sanción económica que le fue impuesta. Más tarde, el 16 de mayo de 2023, el Hospital presentó una *Segunda Moción Informativa sobre Incumplimiento de la Parte Demandante con las Órdenes del Tribunal y Solicitud para que se Desestime la Demanda.* Esta vez, detalló cada uno de los incumplimientos del peticionario con todos los términos perentorios que le fueron extendidos, ello en cuanto a dar curso al descubrimiento de prueba del caso. A tenor con ello, expuso que este aún no les había remitido el *curriculum vitae* de su perito, ni el informe pericial pertinente, por lo que se reafirmó en la procedencia de la desestimación del pleito de autos.

Por su parte, el 18 de mayo de 2023, el peticionario sometió un *Escrito al Expediente Judicial y Prórroga.* En el mismo, expuso que los expedientes médicos revisados por su perito eran voluminosos, por lo que solicitó que se le concediera una prórroga de quince (15) días para someter el informe pendiente y el *curriculum vitae* en disputa. Así las cosas, el 21 de junio de 2023, el Hospital recurrido presentó una *Segunda Moción Solicitando Desestimación por Incumplimiento con las Órdenes del Tribunal y por Falta de Prueba Pericial.* En su escrito, nuevamente expuso un tracto de los incumplimientos del peticionario y sostuvo que la prórroga por este solicitada era una tardía, toda vez el vencimiento de los términos perentorios dentro de los cuales se le ordenó actuar, sin que figurara su cumplimiento.  De este modo, solicitó al foro *a quo* que, en consideración a todos los años de trámite entre las partes, ello desde la presentación de la demanda original, sin que le peticionario hubiera provisto el informe pericial pertinente a sus alegaciones, conjuntamente con los incumplimientos de las órdenes judiciales emitidas a tales fines, decretara la desestimación de la causa de autos, ello con la imposición de costas, gastos y honorarios de abogado.

En respuesta, el 28 de junio de 2023, el peticionario presentó un escrito intitulado *Oposición a Desestimación y Encarecida Súplica de Última y Breve Prórroga para Someter Informe Pericial, Considerando que el Curriculum Vitae Ordenado ya fue Sometido.* En lo atinente, el peticionario indicó haber provisto el *curriculum vitae* del doctor Padró Rosado.  Sobre el informe pericial, indicó que, por razones personales, su perito se vio imposibilitado de completarlo dentro del término debido, por lo que solicitó que se denegara la desestimación solicitada por el Hospital y se le concediera un último término de quince (15) días para someterlo.

Ese mismo 28 de junio de 2023, notificada al siguiente día, el Tribunal de Primera Instancia emitió una *Orden* por la cual extendió un término de cinco (5) días al peticionario para presentar evidencia sobre las razones que esbozó para excusar la tardanza en la presentación del informe pericial. El foro *a quo* le apercibió que, el incumplimiento con lo ordenado conllevaría la imposición de una sanción económica de $500.00. A su vez, le extendió un término final no prorrogable, a vencer el 31 de julio de 2023, para remitir el informe pericial en controversia, so pena que, de incumplir, se eliminara la prueba pericial anunciada y se resolviera la solicitud de desestimación promovida por el Hospital recurrido. La *Orden* de referencia se notificó, tanto a las partes, como a sus abogados.

El 1 de agosto de 2023, el Tribunal de Primera Instancia notificó una *Orden* a las partes, ello a los efectos de que estas informaran si el peticionario remitió el informe pericial. Ese mismo día, el Hospital recurrido presentó una moción informativa en la que denunció el incumplimiento del peticionario con los términos de la *Orden* del 28 de junio de 2023. Así, solicitó al tribunal primario que desestimara la demanda de epígrafe. Por su parte, en igual fecha, el recurrido Carrión Lorenzo también informó al Tribunal de Primera Instancia no haber recibido el informe pericial en controversia.

Ahora bien, el 2 de agosto de 2023, el peticionario presentó un escrito intitulado *Solicitando Excusas por la Demora y Oposición a Desestimación.* En el mismo, pidió excusas por su incumplimiento, el cual atribuyó a la carga laboral de su representante legal. Ese mismo día, sometió el informe pericial en cuestión.

En igual fecha, el Tribunal de Primera Instancia notificó la *Orden* aquí recurrida. Mediante la misma, decretó la eliminación de la prueba pericial por este anunciada. A su vez, le ordenó a exponer su postura en cuanto a los méritos de la desestimación solicitada por el Hospital recurrido.

Inconforme, el 1 de septiembre de 2023, el peticionario compareció ante nos mediante el presente recurso de *certiorari*. En el mismo expone el siguiente señalamiento:

> Erró el Honorable Tribunal de Instancia al eliminar la prueba pericial en el caso de autos, considerando el pobre acceso a la justicia del peticionario y que dicha eliminación equivale a una desestimación de la causa de acción por impericia médica, sin cumplirse los requisitos de previa notificación al peticionario y de previa sanción económica.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

En nuestra jurisdicción, el descubrimiento de prueba constituye el mecanismo del cual disponen las partes en un pleito para obtener hechos, títulos, documentos u otras cosas que están en poder de la parte demandada, o que son de su exclusivo conocimiento y que son necesarias para hacer valer sus derechos. *Mcneil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021). El propósito de esta etapa procesal es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Torres González v. Zaragoza Meléndez,* 2023 TSPR 46, 211 DPR ____ (2023), págs. 24-25; *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001). De ahí que, nuestro ordenamiento jurídico reconoce lo valioso y necesario que resulta un descubrimiento de prueba amplio y liberal. *Torres González v. Zaragoza Meléndez,* supra; *Mcneil Healthcare v. Mun. Las Piedras II,* supra, pág. 672.

Ahora bien, en lo aquí atinente, la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, contempla la ocasión en la que concurra alguna controversia relacionada con el

descubrimiento de prueba. Al respecto, dispone que los tribunales únicamente considerarán las mociones pertinentes, siempre que el promovente certifique, de forma particularizada, que realizó esfuerzos razonables con la representación legal de la parte adversa para resolver los asuntos planteados. El promovente deberá demostrar, a su vez, que actuó con prontitud y buene fe, y que todos sus esfuerzos resultaron infructuosos. Regla 34.1, *supra.* Una vez establecido ello, se podrá solicitar al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. Regla 34.2, *supra.*

Por su parte, la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3, esboza las consecuencias de no acatar una orden sobre descubrimiento de prueba. En síntesis, entre las sanciones aplicables, contempla el desacato, así como la emisión de órdenes relacionadas a lo siguiente: (1) que las materias comprendidas sean consideradas probadas; (2) una orden para impedir que la parte que incumple se sostenga u oponga a determinadas reclamaciones o defensas o para prohibirle presentar determinada materia en evidencia; (3) eliminar alegaciones o parte de ellas; (4) suspender todos los procedimientos posteriores hasta que la orden sea acatada; (5) desestimar el pleito o procedimiento, o cualquier parte de ellos; (6) dictar sentencia en rebeldía; (7) considerar como desacato al tribunal la negativa a obedecer cualquiera de dichas órdenes excepto una orden para someterse a examen físico o mental; (8) sanciones económicas a cualquier parte, testigo, y representante legal, y; (9) el pago de los gastos incurridos incluyendo honorarios, salvo que se demuestre una justificación válida para el incumplimiento.

El estado de derecho actual avala la imposición de sanciones severas a la parte que incumpla una orden relacionada al descubrimiento de prueba. *HRS Erase v. CMT,* 205 DPR 659, 700-

702, 709 (2020). No obstante, el ordenamiento jurídico advierte que las mismas no deben emplearse de manera liviana, sino que, previo a ello, resulta de aplicación el empleo de sanciones menos drásticas. *Íd.* En este contexto, y atinente a la controversia sometida a nuestro escrutinio, se ha resuelto que la medida severa de excluir el testimonio de un perito es análoga a la medida extrema de la desestimación, por lo que solo debe ser aplicada de manera excepcional. *Gómez y otros v. Arcos Dorados Puerto Rico, Inc.* 2023 TSPR 65, 212 DPR ____, pág. 13; *Valentín v. Mun. De Añasco,* 145 DPR 887, 895 (1998).

En el contexto particular de la desestimación, sabido es que nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992). Ello se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 746 (2005); *Maldonado v. Srio. De Rec. Naturales,* 113 DPR 494, 498 (1982).

### III

En el recurso de autos, el peticionario aduce que erró el Tribunal de Primera Instancia al ordenar la exclusión de su prueba pericial, por constituir, ello, la desestimación de sus alegaciones sobre daños por impericia médica. Al respecto, plantea que, previo al decreto en cuestión, el foro *a quo* debió haber considerado sus limitaciones para cumplir con los trámites que le fueron requeridos, así como imponerle sanciones alternas, según las exigencias del

estado de derecho. Habiendo examinado el referido planteamiento, a la luz de los trámites acontecidos, resolvemos expedir el auto solicitado y revocar la resolución recurrida.

Al entender sobre la prueba documental que obra en autos, podemos advertir que, en efecto, el aquí peticionario incumplió con múltiples órdenes debidamente emitidas y notificadas por el tribunal recurrido. Sin embargo, es nuestro parecer que la determinación que nos ocupa considera aspectos e incidencias procesales independientes a la causa de autos, hecho que, en efecto, lacera los derechos del peticionario.

Es cierto que nuestro ordenamiento procesal tiene como principio la celeridad en la tramitación de los casos. No obstante, toda parte que acude al auxilio de los tribunales está plenamente facultada para tener un día en corte que le garantice la adjudicación de su causa. En reiteradas ocasiones, el estado de derecho ha sido enfático en la protección de esta garantía, la cual ejecuta la premisa cardinal del acceso a la justicia. Por ello, los tribunales están obligados a resguardarla, mediante el más razonable ejercicio de sus facultades discrecionales adjudicativas.

En el caso que atendemos, surge que los fundamentos que dieron base a la acogida de los argumentos del Hospital responden a las incidencias de un pleito anterior debidamente desistido, con garantías procesales independientes a las que aplican en el pleito que hoy nos ocupa. El Hospital recurrido, en todas sus comparecencias, aludió a los trámites del caso anterior para justificar el petitorio que en este promovió, y así acelerar la etapa del descubrimiento de prueba a la que ambas partes tienen derecho en el presente caso. Sin embargo, dado a que la demanda de autos, igual que aquella que dio origen a la causa anterior, goza de garantías, procesos y consideraciones propias, sus argumentos no debieron haber recibido el peso que se les arrogó. Lejos de ello, el

Tribunal de Primera debió haber estimado con mayor rigor las condiciones que, en la causa de acción de epígrafe, el peticionario expuso para justificar los inconvenientes para presentar el informe pericial.

Precisa destacar que el Hospital recurrido, a pesar de que señala los varios incumplimientos del peticionario con vehemencia, también incurrió en ciertas faltas procesales que contradicen su postura respecto a la protección de la administración de la justicia. En específico, de la prueba surge que la institución recurrida no cumplió con presentar su alegación responsiva en término, trámite al que dio cumplimiento cuando ya estaba ante nuestra consideración el recurso que nos ocupa. Si bien, el ordenamiento procesal vigente ya no califica la contestación a la demanda como el punto de partida para el inicio de la etapa de descubrimiento de prueba, ello no obsta para que todas las partes en el pleito se sujeten a las exigencias procesales. Por tanto, dicho principio, conjuntamente con la inobservancia antes indicada, resta legitimación a la postura del Hospital recurrido, en cuanto a resaltar las faltas de la conducta procesal del peticionario.

En mérito de lo antes expuesto, y toda vez los efectos que, sobre la causa del peticionario, tiene la eliminación de la prueba pericial decretada, revocamos la determinación recurrida, por concurrir los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA AP. XX-B, R. 40. Ciertamente, ello equivale a la desestimación de sus alegaciones, hecho que incide directamente sobre las garantías que le asisten en este nuevo pleito. En cuanto a este particular, apuntamos que, el 2 de agosto de 2023, el peticionario presentó el informe pericial objeto de disputa entre las partes, hecho que el Tribunal de Primera Instancia, por constarle, debió haber considerado previo a emitir el pronunciamiento que hoy dejamos sin efecto.

Ahora bien, advertimos al peticionario su deber de tramitar la causa de acción que interesa de manera diligente, implicando ello, a su vez, la debida observancia a los mandatos del tribunal.

**IV**

Por los fundamentos que anteceden, se expide el recurso de *certiorari* solicitado y se revoca la resolución recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones